**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. K879901CG479,** Plaintiff–counter–defendant–Appellee,

v.

**AMITY INVESTMENT, INC., a Texas corporation; William T. Brady; Kerry L. Rogers, Defendants–counter–claimants–Appellants.**

No. 03–56942.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided July 21, 2005.

---

7. *Booker*, 125 S.Ct. at 764–65.

8. *See Ameline*, 409 F.3d at 1079.

---

Jeri Rouse Looney, Esq., Lord, Bissell & Brook, Los Angeles, CA, for Plaintiff–counter–defendant–Appellee.

W. Bruce Voss, Esq., Voss & Lawyers, Irvine, CA, for Defendants–counter–claim-ants–Appellants.

Before: LAY,* REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM **

This is an appeal from declaratory judgment in favor of Certain Underwriters at Lloyd's, London ("Lloyd's"). The district court held that Lloyd's was justified in rescinding an insurance policy issued on a yacht owned by Defendant Amity Investments, Inc., et al. (collectively referred to as "Insureds"). We affirm.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Captain Macpherson testified that during Hurricane Mitch in 1999, the yacht suffered damage which was repaired by William Brady at his own expense, without Lloyd's knowledge. The district judge relied on the failure to report the damage as a ground for upholding the rescission. Lloyd's raised this issue in its appellate brief and claimed that Insureds' failure to disclose this damage was a material misrepresentation under the insurance contract. Insureds did not contest this claim in their opening brief and did not file a reply brief. Therefore, they waived appeal. *See* Fed. R.App. P. 28(a)(9); *Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1992). This constitutes an independent ground of support for Lloyd's recision because the failure to disclose prior damage constitutes a material misrepresentation under the insurance contract. The district court's decision granting rescission was not clearly erroneous.

AFFIRMED.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.